OPINION
{¶ 1} Plaintiff-appellant Jeffrey W. Aldrich appeals the decision of the Columbiana County Common Pleas Court, which granted summary judgment in favor of defendant-appellee Pacific Indemnity Company. The issue presented is whether the "other owned auto" exclusion in the parents' underinsured motorist (UIM) policy prohibits them from collecting UIM benefits for the wrongful death of their son, who was generally a covered individual but who was excluded from coverage in this instance because he was driving his car that was not listed in his parents' policy. We hold that under the plain language of the policy and the statute governing the "other owned auto" exclusion in this policy, the family is not precluded from coverage even though their deceased son is precluded. As such, the judgment of the trial court granting summary judgment in favor of the insurance company is reversed and this case is remanded for further proceedings.
 STATEMENT OF FACTS {¶ 2} In June 1999, eighteen-year-old Daniel Aldrich was driving his vehicle in Hardin County when he was struck by an underinsured motorist and killed. Multiple lawsuits arose from this accident. The case presently before this court deals with the suit filed in October 2000 against the decedent's father's own insurance company. In relevant part, the complaint sets forth a survival claim for the decedent's bodily injuries and a wrongful death claim for the damages suffered by the decedent's parents and siblings. The survival claim is not presently before this court as the parties agree that the decedent is barred from recovering due to the "other owned auto" exclusion in his parent's policy.
 {¶ 3} On March 27, 2002, Pacific Indemnity filed a motion for summary judgment on the parents' wrongful death claim, pointing out that the parents' policy contained an exclusion for vehicles owned by family members and not covered under the policy. Appellant filed a response and a cross-motion for summary judgment, arguing that the exclusion applied only to bodily injury and that the wrongful death claim revolved around the family's mental damages rather than bodily injury.
 {¶ 4} On September 8, 2002, the trial court granted summary judgment in favor of Pacific Indemnity. The court explained that the parents' policy excluded coverage for bodily injury or death suffered while the insured was operating a vehicle owned by a resident relative if the vehicle was not specifically identified in the policy. This "other owned auto" exclusion is permitted under R.C. 3937.18(J). The court then pointed out that the vehicle driven by the decedent was not identified in his parents' policy. In response to the family's argument that the policy excludes only bodily injury claims, the court reasoned that the decedent's death was the result of bodily injury and thus a wrongful death action, arising as a derivative claim from that bodily injury, is barred by the "other owned auto" exclusion.
 INSURANCE POLICIES {¶ 5} The parents were covered by a primary policy and an excess policy. The primary policy contained UM/UIM coverage of $500,000 per occurrence, and the excess policy contained $1,000,000 in UM/UIM coverage. The policies were originally issued in March 1998; the specific policies in effect at the time of the June 1999 accident were effective from March 19, 1999 through March 19, 2000.
 {¶ 6} The primary policy has a general coverage clause, which states:
 {¶ 7} "We will pay to a covered person damages for bodily injury that the person is legally entitled to receive from the owner or operator of an uninsured or underinsured motorized land vehicle. We cover these damages for bodily injury from a motor vehicle accident, unless stated otherwise or an exclusion applies. Exclusions to this coverage are described inExclusions." (Page P-1.) (Emphasis original).
 {¶ 8} The first of such exclusions to the UM/UIM coverage is as follows:
 {¶ 9} "Your other motor vehicles: We do not cover any person for bodily injury sustained while occupying, or when struck by, a vehicle or trailer owned by you or a family member that is not a covered vehicle." (Page P-2.) (Emphasis original).
 {¶ 10} The primary policy defines a covered person as: you (the person named in the coverage summary and a spouse who lives with that person) or a family member, any person in your covered vehicle, and any person who is legally entitled to recover damages due to covered bodily injury sustained by you or a family member or any person in your covered vehicle. Family member means a relative who lives with you or any other person under 25 in your care. A covered vehicle is described as: a vehicle named in the coverage summary, an after-acquired vehicle only for the first thirty days, a trailer you own, and a vehicle you do not own but are using temporarily as a substitute for a covered vehicle. (Page P-1).
 {¶ 11} It is not disputed that Daniel generally qualified as a covered person within the policy's definition of a family member. It is also not disputed that the car he owned and was driving at the time of the accident did not fit under the definition of a covered vehicle and thus the "other owned auto" exclusion applied to bar his survival claim. This leaves the issue of whether the wrongful death beneficiaries are barred from collecting under their policy merely because their son was precluded by the exclusion.
 ASSIGNMENT OF ERROR {¶ 12} Appellant's sole assignment of error provides:
 {¶ 13} "The trial court erred in ruling that the [policy] issued by pacific indemnity excluded the underinsured motorist claims of the decedent's parents and siblings."
 {¶ 14} Appellant sets forth three subassignments of error, which he characterizes as interrelated. We will set out his arguments separately infra.
 SUBASSIGNMENT OF ERROR NUMBER ONE {¶ 15} The first subassignment of error asks:
 {¶ 16} "Whether the decedent's parents and siblings are entitled to UM/UIM coverage under the [Policy] because the policy attempts to provide lesser coverage than which is mandated by law."
 {¶ 17} This argument focuses on the words "bodily injury" in the coverage clause on page P-1, quoted above. Appellant focuses here on the general requirements of R.C. 2937.18(A) rather than starting with an argument on the "other owned auto" exclusion outlined in R.C. 2937.18(J). Appellant cites Moore v. State AutoMut. Ins. Co. (2000), 88 Ohio St.3d 27 for the proposition that R.C. 3937.18(A)(1) does not permit insurers to limit UM/UIM so that the insured must suffer bodily injury in order to recover.
 {¶ 18} In Moore, the decedent was killed by an uninsured motorist. The decedent's mother was not involved in the accident and did not sustain bodily injury. She was a named insured on a policy with UM coverage, but her son was not a named insured, was not a resident of her household, and was not occupying a vehicle covered by the policy. The decedent's mother filed a UM claim, which was denied by her insurer. She then filed suit alleging that under R.C. 2125.02 (the wrongful death statute), she was presumed to have suffered damages as a result of the wrongful death of her son and thus she could collect under her UM policy.
 {¶ 19} The insurer claimed the following policy language precluded her claim:
 {¶ 20} "[We will pay] compensatory damages which an `insured' is legally entitled to recover from the owner or operator of an `uninsured motor vehicle' because of `bodily injury': 1. Sustained by an `insured'; and 2. Caused by an accident."
 {¶ 21} The Ohio Supreme Court started by explaining that for a limit on coverage to be valid, it must not be contrary to coverage mandated by R.C. 3937.18(A). Id. at 28-29. The Court noted that the policy language limited UM coverage to accidents where the insured sustained bodily injury and thus attempted to exclude cases where the insured only suffered mental anguish such as in a wrongful death action. Id. at 29. The Court found that R.C. 3937.18(A) was ambiguous regarding whether an insurer may impose such a limit. Id. at 31.
 {¶ 22} In interpreting legislative intent, the Court turned to R.C. 2125.02 (the wrongful death statute) and noted that parents of wrongful death victims are presumed to have suffered damages. Id. The Court explained that under the insurance company's argument, the parents of the wrongful death victim would go uncompensated. Id. This would thwart the underlying purpose of UM insurance, i.e. to protect persons who are entitled to recover damages from uninsured motorists, and would result in the UM statute conflicting with the wrongful death statute. Id.
 {¶ 23} Thus, the Court held that the version of R.C.3937.18(A) in effect at that time did not permit an insurer to limit UM coverage in such a way that an insured must personally suffer bodily injury, sickness, or disease in order to recover damages from the insurer. Id. at 32. The limitation in the policy was held to be an unenforceable and invalid attempt to provide lesser coverage than that mandated by law. Id. at 32-33.
 {¶ 24} First, we note that the version of R.C. 3937.18(A) which was interpreted in Moore is not relevantly different from the version in effect at the time the policy in our case was issued. See 1994 So. 20, effective October 20, 1994; 1997 H 261, effective September 3, 1997. Cf. 2000 So. 267, effective September 21, 2000 (where the legislature has since explicitly supersededMoore, but which is concededly inapplicable to this case).
 {¶ 25} Appellee claims that its coverage clause on Page P-1 does not limit coverage to cases where the insured suffers bodily injury as did the improper clause in Moore. The Moore policy states that bodily injury must be sustained by the insured. The policy before this court states that the covered person can collect damages for bodily injury that the covered person is legally entitled to receive. This clause does not actually state that the insured must be the one who suffered the bodily injury. Rather, it only requires the insured/covered person to be legally entitled to collect damages (including mental suffering) for what could be someone else's bodily injury. Thus, the premise ofMoore is not violated, and this subassignment of error is overruled.
 {¶ 26} Even if the coverage clause were to be invalidated under Moore, this subassignment of error would still lack merit. Appellant incorrectly argues that if one sentence in the general coverage clause attempts to limit coverage to bodily injury, the entire paragraph (including reference to the exclusion) is invalid. Moore merely requires that we read the general coverage language as including wrongful death damages.Moore does not require the striking of a separate sentence referring to exclusions. Regardless, the exclusions to UIM coverage are listed elsewhere, and thus, they would still be applicable even if the entire coverage paragraph on page P-1 was invalidated. Either way, the main issue, dealing with the effect of the "other owned auto" exclusion, remains.
 SUBASSIGNMENT OF ERROR NUMBER TWO {¶ 27} This brings us to appellant's second and third subassignments of error and the arguments therein dealing with the "other owned auto" exclusion. Appellant's second subassignment questions:
 {¶ 28} "Whether the decedent's parents and siblings are entitled to recover their statutory damages because Pacific Indemnity's `other owned auto' exclusion fails to clearly and unambiguously exclude coverage for the types of damages set forth in R.C. 2125.02, the wrongful death statute."
 {¶ 29} The legislature expressly permits UM/UIM policies to contain an "other owned auto" exclusion. Specifically, R.C.3937.18(J) provides that the policy may "preclude coverage for bodily injury or death suffered by an insured * * * [w]hile the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided * * *."
 {¶ 30} Accordingly, the policy herein contains an "other owned auto" exclusion worded as follows: "Your other motorvehicles: We do not cover any person for bodily injury sustained while occupying, or when struck by, a vehicle or trailer owned by you or a family member that is not a covered vehicle." (Page P-2)
 {¶ 31} From this, it becomes clear that we are not only interpreting the policy, but we are also called upon to interpret the statute.
 {¶ 32} Under this subassignment, appellant generally argues that because the policy's "other owned auto" exclusion only mentions bodily injury, it does not exclude coverage for a wrongful death claim, which seeks damages other than bodily injury such as mental anguish. Appellant also specifically notes that a different section of the policy defines personal injury as encompassing bodily injury and mental suffering. Thus, appellant concludes that the insurer would have used the words "personal injury" in the "other owned auto" exclusion if it meant to exclude more than just bodily injury. Appellant points out that where language of an insurance policy is reasonably susceptible to more than one meaning, it should be construed in favor of the insured.
 {¶ 33} The insurance company counters that the definition of "personal injury" is in a different and separate section of the policy unrelated to UM/UIM coverage. The insurer then notes the undisputed fact that the decedent, who suffered bodily injury, was excluded from coverage because his vehicle was not identified in the policy. The insurer concludes that since the decedent is excluded from coverage and since wrongful death is a derivative claim, the family is also excluded.
 {¶ 34} Resolution of this subassignment is facilitated by the contemporaneous discussion of appellant's third subassignment of error and the arguments therein.
 SUBASSIGNMENT OF ERROR NUMBER THREE {¶ 35} Appellant's third and final subassignment of error queries:
 {¶ 36} "Whether the decedent's parents and siblings are entitled to UM/UIM coverage under the [Policy] for the claims brought pursuant to Moore v. State Auto (2000),88 Ohio St.3d 27, regardless of whether the policy excludes the decedent's claim for bodily injury."
 {¶ 37} Appellant relies on the case of Gaines v. State FarmMut. Auto. Ins. Co., 10th Dist. No. 01AP-947, 2002-Ohio-2087. In that case, the decedent-husband was killed by an uninsured motorist while on his motorcycle, which was not listed as a covered vehicle on the policy issued to him and his wife. The policy had coverage language (similar to that in the case before us) stating that the insurer will pay damages for bodily injury an insured is legally entitled to collect. The policy also contained an "other owned auto" exclusion, precluding coverage for bodily injury to an insured while operating a car owned by the insured or a relative if it is not a listed vehicle.
 {¶ 38} The trial court found that the exclusion precluded the wife from recovering. The Tenth Appellate District, however, reversed. The court noted that the wife was not the one operating the vehicle, and the exclusion only applied to bar the husband from recovering for injuries sustained while using the "other owned auto." Id. at ¶ 33. The court also held that the "bodily injury" language in the main coverage clause was an insufficient basis to deny wife's claim due to Moore. Id. at ¶ 35. Thus, the court concluded that even if the husband was not entitled to coverage due to the "other owned auto" exclusion, the wife still had a viable cause of action in her own right for wrongful death. Id. at ¶ 32.
 {¶ 39} The Third Appellate District also decided a case on point. Adams v. Crider, 3d Dist. No. 10-02-18, 2004-Ohio-535. In that case, the husband owned a vehicle that was barred from coverage under the "other owned auto" exclusion in the family's insurance policy because it was not a listed vehicle. The wife was driving this vehicle containing her two sons when they were struck by an uninsured motorist. One son died.
 {¶ 40} The court found that those who suffered bodily injury (the wife and her sons) were barred from collecting for their injuries due to the "other owned auto" exclusion in their policy. Id. at ¶ 16. The court held, however, that the family members (including the wife and the injured son) could collect for the wrongful death of the deceased child notwithstanding the "other owned auto" exclusion. The court reasoned that R.C. 3937.18(J) only allows the insurer to exclude coverage for bodily injury or death suffered by an insured arising from the use of an "other owned auto." Id. at ¶ 20. "It does not allow exclusion of alldamages, such as damages for the wrongful death of another arising out of the use of an `other-owned auto.'" Id. Hence, the Third Appellate District reversed the summary judgment that had been entered in favor of the insurer on the wrongful death claims. Id. at ¶ 21.
 CONCLUSION {¶ 41} We do not find Gaines and Adams relevantly distinguishable from the case before us. Furthermore, we agree with the results in these cases.
 {¶ 42} R.C. 3937.18(J) allows preclusion of coverage for bodily injury or death suffered by the insured while the insured is occupying certain non-covered vehicles. The policy at issue precludes coverage for any person for bodily injury sustained while occupying certain non-covered vehicles. The policy cannot preclude more than the statute allows. See Moore, supra. Thus, resolution of this case requires interpretation of R.C.3937.18(J).
 {¶ 43} The language of the statute means that the insured who was occupying the non-covered family-owned vehicle is barred from collecting for his own bodily injury or death; it does not mean that other insureds, who are damaged in their own right by a wrongful death, are barred merely because the decedent was occupying a non-covered vehicle. Under the plain language of the statute, an "other owned auto" exclusion cannot prohibit a wrongful death beneficiary from collecting for their mental anguish. Thus, the wrongful death claims in this case are not excludable under R.C. 3937.18(J) and are thus not barred by the "other owned auto" exclusion in this policy.
 {¶ 44} For the foregoing reasons, the judgment of the trial court is hereby reversed and this case is remanded for further proceedings according to law and consistent with this Court's opinion.
Donofrio, J., concurs.
DeGenaro, J., concurs.