OPINION
{¶ 1} Plaintiff-appellant Marianne Brunn appeals the March 11, 2005 Decision And Judgment Entry In Favor Of Defendant Motorist Mutual Insurance Company ("Motorists"), defendant-appellee herein.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 6, 2003, appellant's husband, Michael "Dean" Brunn, suffered personal injuries when his motorcycle collided with an automobile operated by Leile Eyerly. Eyerly's negligence was the proximate cause of the collision and the injuries sustained by Mr. Brunn. Eyerly's insurer, State Farm Mutual Automobile Insurance Company, paid its policy limits of $100,000.00 in settlement of all claims against its insured.
 {¶ 3} The motorcycle Mr. Brunn was operating at the time of the collision was insured under a policy issued by Motorists to Mr. Brunn, Policy No. 5097-08-3328960-7E. That policy provided uninsured/underinsured motorist coverage in the amount of $12,500.00/person, $25,000.00/accident. Because the tortfeasor's liability limits exceeded the limits of its policy, Motorists denied the claim for underinsured coverage under the motorcycle policy.
 {¶ 4} Also in effect at the time of the collision was an Anniversary Auto Policy, Policy No. 5097-06-548006-08A (hereinafter "Policy") issued by Motorists to Michael Dean Brunn and appellant. Two vehicles were listed as covered autos under the policy. The motorcycle operated by Mr. Brunn at the time of the accident was not listed as a covered auto under this Policy. The Policy provided uninsured/underinsured motorists coverage in the amount of $300,000.00 per accident.
 {¶ 5} Appellant asserted a claim for underinsured motorist coverage under the Policy and also a claim for medical payments coverage under the Policy. Both claims for coverage were denied by Motorists.
 {¶ 6} Appellant filed a Declaratory Judgment Complaint in the Richland County Common Pleas Court, seeking to declare her entitlement to underinsured motorist and medical payment coverages under the Policy, and for monetary relief for bad faith and breach of contract. Following the filing of Motorists' Answer, the parties engaged in discovery and entered into stipulations. Motorists filed a motion for summary judgment and appellant responded by filing her cross-motion for summary judgment. By entry filed March 11, 2005, the trial court denied appellant's cross motion for summary judgment and granted Motorists' motion for summary judgment. It is from that entry appellant prosecutes this appeal, assigning as error:
 {¶ 7} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN GRANTING DEFENDANT MOTORISTS MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT, THEREIN FINDING THAT AN "OTHER OWNED AUTO" EXCLUSION IN MOTORISTS' POLICY NEGATES PLAINTIFF'S CLAIM FOR UNDERINSURED MOTORIST COVERAGE BENEFITS. (DECISION AND JUDGEMENT ENTRY OF MARCH 11, 2005)
 {¶ 8} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN GRANTING DEFENDANT MOTORISTS' MOTION FOR SUMMARY JUDGMENT, THEREIN FINDING THAT PLAINTIFF'S CLAIM UNDER THE MEDICAL PAYMENTS COVERAGE OF THE AUTO POLICY WAS NEGATED BY EXCLUSIONS OF COVERAGE WHERE THE BODILY INJURY VICTIM WAS OCCUPYING A MOTORCYCLE OR AN OTHER OWNED VEHICLE NOT INSURED UNDER THE POLICY. (DECISION AND JUDGMENT ENTRY OF MARCH 11, 2005)
 {¶ 9} "III. THE TRIAL COURT ERRED IN GRANTING DEFENDANT MOTORISTS' MOTION FOR SUMMARY JUDGMENT UPON PLAINTIFF'S BAD FAITH CLAIM IN CONCLUDING AS A MATTER OF LAW THAT DEFENDANT HAD REASONABLE JUSTIFICATION FOR, AND ACCORDINGLY ACTED IN GOOD FAITH, IN ITS DENIAL OF PLAINTIFF'S CLAIMS UNDER THE AUTO POLICY. (DECISION AND JUDGMENT ENTRY OF MARCH 11, 2005)
 {¶ 10} "IV. THE TRIAL COURT ERRED IN FAILING TO OVERRULE MOTORISTS' MOTION FOR PARTIAL SUMMARY DECLARATORY JUDGMENT THAT THE SET-OFF AGAINST THE $300,000. UNDERINSURED MOTORIST COVERAGE POLICY LIMIT SHALL BE LIMITED TO THE PORTION OF THE TORTFEASOR'S LIABILITY COVERAGE ACTUALLY RECEIVED BY MRS. BRUNN. (DECISION AND JUDGMENT ENTRY OF MARCH 11, 2005)"
 STANDARD OF REVIEW {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. Therefore, we must refer to Civ .R. 56, which provides, in pertinent part:
 {¶ 12} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only there from, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
 {¶ 14} It is based upon this standard we review appellant's assignments of error.
 I {¶ 15} The relevant portion of the UIM coverage language of the Policy provides:
 INSURING AGREEMENT {¶ 16} "A. We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of:
 {¶ 17} "1. An uninsured motor vehicle[1] . . . because of bodily injury:
 {¶ 18} "a. Sustained by an insured; and
 {¶ 19} "b. Caused by an accident."
 {¶ 20} The UIM coverage also contains the following exclusion to coverage:
 EXCLUSIONS {¶ 21} "A. We do not provide Uninsured Motorist Coverage for bodily injury sustained by any insured while occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy . . ."
 {¶ 22} R.C. 3937.18 provides an insurer may restrict UIM coverage by including terms that exclude coverage for losses sustained while the insured is occupying an "other owned auto". Specifically, R.C. 3937.18 (I)(1) states:
 {¶ 23} "(I) Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorists coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following circumstances:
 {¶ 24} "(1)While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages are provided." (Emphasis added.)
 {¶ 25} At issue herein is whether the Policy's "other owned auto" exclusion clearly and unambiguously excludes appellant's loss of consortium claim. For the following reasons, we conclude it does not.
 {¶ 26} In Jones v. Nationwide Insurance Co. (July 23, 2001), Stark App. No. 2000CA00329, unreported, this Court held the "other owned auto" exclusion in the Nationwide policy was applicable to the claims of the insured for his own bodily injuries, and for the loss of consortium claim of the injured party's wife. Appellant herein asks us to revisit our decision inJones and conclude her claim for loss of consortium, while derivative of her husband's tort claim, is also independently viable as her own contractual claim under the Policy and is not clearly and unambiguously excluded from coverage.
 {¶ 27} Upon reconsideration, we agree Jones was wrongly decided and find an insured's contractual loss of consortium claim is not automatically barred from coverage merely because another insured, who suffered bodily injury, is otherwise excluded from coverage.
 {¶ 28} The next question becomes whether appellant's claim for loss of consortium is covered under the Policy and, if covered, whether such coverage is elsewhere specifically excluded. As noted supra, the insuring agreement under the UIM coverage section of the Policy specifically obligates Motorists to pay compensatory damages which an insured is legally entitled to recover from the operator of an uninsured [underinsured] vehicle because of bodily injury sustained by an insured and caused by the accident. Damages for loss of consortium are compensatory damages. Both appellant and Mr. Brunn are named insureds under the Policy. Appellant was legally entitled to recover her loss of consortium damages from the operator of the underinsured vehicle, Mr. Eyerly, because of the bodily injury sustained by an insured (Mr. Brunn) and caused by the accident. Thus it appears clear UIM coverage is available to appellant under the Policy.
 {¶ 29} However, the trial court relied upon the "other owned auto" exclusion, noted supra, in denying coverage. As relevant here, the exclusion states Motorists does not provide UIM coverage "for bodily injury sustained by an insured while occupying any motor vehicle owned by any family member which is not insured for this coverage under this policy . . ." Clearly this exclusion serves to exclude coverage for the bodily injuries sustained by Mr. Brunn while he was occupying his motorcycle which was not insured under the Policy. But does it clearly and unambiguously exclude appellant's claim? We conclude it does not.
 {¶ 30} Appellant's loss of consortium claim is not for bodily injury she sustained while occupying the motorcycle operated by her husband. The exclusion does not specifically exclude coverage for uninjured insured persons, such as appellant, who may have claims for compensatory damages incurred "because of" bodily injury to an insured (Mr. Brunn). Appellant's claim is not for "bodily injury". Appellant was not occupying the "other owned" motor vehicle when her claim arose. We find the exclusion does not apply to appellant's loss of consortium claim.
 {¶ 31} Although involving wrongful death claims, a similar analysis and result has been reached by our brethren in the Third District (Adams v. Crider, 3rd App. No. 10-02-18, 2004-Ohio-535); the Fourth District (Estate of Monnig v.Progressive Ins. Co., 4th App. No. 03CA9, 2004-Ohio-2028); the Sixth District (Kotlarczyk v. State Farm Mut. Auto Ins.Co., 6th App. No. L-03-1103, 2004-Ohio-3447); the Seventh District (Aldrich v. Pacific Indemn. Co., 7th App. No. 02CO54, 2004-Ohio-1546); and the Tenth District (Gaines v. StateFarm Mut. Auto. Ins. Co., 10th App. No. 01AP-947, 2002-Ohio-2087). Although we acknowledge there is a difference between a statutory wrongful death claim and a common law loss of consortium claim, we nevertheless, find both claims are included within the "legally entitled to recover" language found within the Policy.
 {¶ 32} Appellant's first assignment of error is sustained.
 II {¶ 33} In her second assignment of error, appellant asserts she is entitled to coverage under the Medical Payments Coverage section of the Policy for medical expenses she contracted to pay or actually paid for care rendered to her husband, Mr. Brunn. Because appellant paid Mr. Brunn's medical expenses from their joint assets, appellant asserts she is entitled to recover her share (50%) of the expenditures. In support of her argument, appellant relies on the Ohio Supreme Court Decision in Dean v.Angelas (1970), 24 Ohio. St.2d 99.
 {¶ 34} The trial court denied coverage under the Medical Payments Coverage section based upon the following exclusion:
 EXCLUSIONS {¶ 35} "We do not provide Medical Payments Coverage for any insured for bodily injury:
 {¶ 36} "1. Sustained while occupying any motorized vehicle having fewer than four wheels,
 {¶ 37} "* * *
 {¶ 38} "5. Sustained while occupying, or when struck by, any vehicle which is owned by you (other than your covered auto).
 {¶ 39} "* * *
 {¶ 40} "6. Sustained while occupying or when struck by, any vehicle (other than your covered auto) which is:
 {¶ 41} "a. Owned by you or by any family member;
 {¶ 42} * * *"
 {¶ 43} Because appellant was neither occupying any vehicle nor did she sustain bodily injury, we find the exclusion does not clearly and unambiguously exclude coverage under the Medical Payments Coverage section of the Policy. However, our analysis does not end here. We must also determine whether appellant is entitled to recover medical expenses incurred by Mr. Brunn under the test set forth in Dean.
 {¶ 44} In Dean, the Ohio Supreme Court held: "In a petition by a wife against a third party who injured her husband, an allegation . . . she has incurred medical expense on his behalf, is sufficient to permit the wife to show that such expense was paid, or contracted to be paid, out of her separate property, and thus, may be recovered by her from the third party." Id, syllabus no. 2. In the case sub judice, there is no evidence appellant was contractually obligated to pay her husband's medical expenses nor is there evidence appellant paid his medical expenses out of her "separate" property. Payments made from appellant's and her husband's joint assets are insufficient to satisfy the Dean
test.
 {¶ 45} Appellant's second assignment of error is overruled.
 III {¶ 46} Herein, appellant asserts the trial court erred in granting Motorists summary judgment on her bad faith claim.
 {¶ 47} In Zoppo v. Homestead Ins. Co. (1994),71 Ohio St.3d 552, the Ohio Supreme Court recognized a "bad faith" claim against an insurer:
 {¶ 48} "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefore." Id. at syllabus ¶ 1.
 {¶ 49} At the time Motorists denied appellant's UIM claim, our decision in Jones was precedent upon which Motorists could reasonably justify its denial of coverage. The fact we have now decided to reverse Jones is of no import.
 {¶ 50} Having found, supra, in our discussion of appellant's second assignment of error no coverage exists under the Medical Payments Coverage section of the Policy, we find the trial court properly granted Motorists' summary judgment on appellant's bad faith claim.
 IV {¶ 51} Herein, appellant asserts the trial court erred in failing to limit the amount of set-off against Motorists' UIM coverage to the amount actually received by appellant.
 {¶ 52} Given its finding no UIM coverage existed, the trial court did not reach this issue.
 {¶ 53} We decline to address this assignment of error until the trial court is provided the opportunity to determine this issue upon remand. Accordingly, we overrule this assignment of error as being premature.
 {¶ 54} The judgment of the Richland County Court of Common Pleas is affirmed in part; reversed in part and remanded.
Hoffman, J.
Edwards, J. concurs separately.
Boggins, P.J. concurs in part and dissents in part.
[1] An uninsured motor vehicle includes an underinsured motor vehicle per Part C, Subsection C (2) of the Policy.