{¶ 26} I must respectfully dissent from the majority's holding. This case asks us to determine whether the Tuohys are entitled to recover damages for the wrongful death of their son under the UM/UIM portion of their insurance policy issued by Westfield. The Tuohys' policy provides UM/UIM coverage to an "insured * * * because of bodily injury." The policy defines "insured" as "you or any family member," and "bodily injury" is defined to include death. The decedent was the Tuohys' son, who was living in their home at the time he was killed in an automobile collision. Therefore, the decedent was *Page 13 
an "insured" by definition. However, the policy contained an exclusion, which stated:
 We do not provide Uninsured Motorist Coverage or Underinsured Motorist Coverage for bodily injury sustained by an insured while operating, occupying, or when struck, by any motor vehicle owned by * * * you or any family member which is not insured for this coverage under this policy.
 {¶ 27} Sam, an "insured," was killed while operating his Chevrolet Blazer, which was titled in his name and not a "covered vehicle" on the Tuohys' policy with Westfield. The majority's holding finds the coverage language and the exception language to be clear and unambiguous in preventing both the estate and the Tuohys from recovering based on their separate and independent claims. However, I disagree and would follow the law established by other appellate districts in holding that the coverage language "because of bodily injury" is ambiguous when read in pari materia with the exclusion, which precludes coverage "for bodily injury." I agree with the other appellate courts that the phrase "because of bodily injury" is not synonymous with the phrase "for bodily injury." The phrase "because of bodily injury" is more broad than the phrase "for bodily injury" and would allow an insured to recover for the wrongful death of another "insured" under the policy. Brunn v. MotoristsMut. Ins. Co., 5th Dist. 2005 CA 022, 2006-Ohio-33;Hall v. Nationwide Mut. Fire Ins. Co., 10th Dist. No. 05AP-305, 2005-Ohio-4572; Aldrich v. Pacific Indemn. Co., 7th Dist. No. 02 CO *Page 14 
54, 2004-Ohio-1546; Kotlarczyk v. State Farm Mut. Auto. Ins. Co., 6th Dist. No. L-03-1103, 2004-Ohio-3447; Leonhard v.Motorists Mut. Ins. Co. (Mar. 3, 1994), 10th Dist. No. 93AP-449; Newsome v. Grange Mut. Cas. Co. (Feb. 23, 1993), 10th Dist. No. 92AP-1172.
 {¶ 28} Because we must construe ambiguous terms in an insurance contract strictly against the insurer, I would reverse the trial court's decision and remand this matter for additional proceedings. *Page 1