OPINION
{¶ 1} Appellant, Safeco Insurance Company of Illinois, appeals from the February 12, 2007 judgment entry of the Lake County Court of Common Pleas, denying its motion for summary judgment, and granting the motion for summary judgment of *Page 2 
appellee, American Modern Home Insurance Company, as assignees of Robert and Toni Oakman ("the Oakmans").
 {¶ 2} On April 16, 2005, Robert Oakman, II ("Bobby"), was fatally injured when the motorcycle he was operating was struck by a vehicle which failed to yield the right-of-way. At the time of the accident, Bobby was nineteen years old and resided with his parents, the Oakmans. The tortfeasor's insurance company, Nationwide Insurance Company, paid to the Oakmans the liability policy limits of $50,000 in satisfaction of the loss. The motorcycle Bobby was operating at the time of the accident was insured through Progressive Insurance Company, but the policy did not provide underinsured motorist ("UIM") coverage.
 {¶ 3} Also, the Oakmans had insurance policies through appellant and appellee covering additional vehicles, however, Bobby's motorcycle was not listed among the insured vehicles. Appellee ultimately paid $50,000 in UIM coverage to the Oakmans, as the wrongful death beneficiaries of Bobby, pursuant to the terms and conditions of appellee's policy. Appellant, however, denied UIM coverage. Appellee and the Oakmans executed a Release and Assignment Agreement in which the Oakmans assigned to appellee any rights and claims against appellant under appellant's policy for damages arising from the accident.
 {¶ 4} On June 2, 2006, appellee filed a complaint for declaratory judgment and breach of contract against appellant. Appellant filed an answer on July 19, 2006.
 {¶ 5} On September 18, 2006, appellee filed a motion for summary judgment. Appellant filed a motion for summary judgment on October 5, 2006, and a memorandum in opposition to appellee's motion for summary judgment. On October 23, 2006, *Page 3 
appellee filed a reply in support of its motion for summary judgment and brief in opposition to appellant's motion for summary judgment. Appellant filed a reply on October 27, 2006.
 {¶ 6} Pursuant to its February 12, 2007 judgment entry, the trial court granted appellee's motion for summary judgment and denied the motion for summary judgment of appellant. The trial court determined that the Policy Number of appellant, K1739781, provides UIM coverage on a pro rata basis, for the wrongful death claims of the Oakmans, previously assigned to appellee. The trial court further rendered judgment in favor of appellee and against appellant on its breach of contract claim, in the amount of $25,000.[1]
 {¶ 7} On March 8, 2007, appellant filed a timely notice of appeal from the foregoing February 12, 2007 judgment entry, and makes the following assignment of error:
 {¶ 8} "The trial court erred in granting the motion for summary judgment of [appellee] and in denying the motion for summary judgment of [appellant]."
 {¶ 9} In its sole assignment of error, appellant argues that the trial court erred in granting appellee's motion for summary judgment and denying its motion for summary *Page 4 
judgment. Appellant alleges that the Oakmans are not entitled to UIM coverage for loss of consortium damages under its policy.
 {¶ 10} "This court reviews de novo a trial court's order granting summary judgment." Hudspath v. Cafaro Co., 11th Dist. No. 2004-A-0073,2005-Ohio-6911, at ¶ 8, citing Hagood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, at ¶ 13. "A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law.'" Hhuspath at ¶ 8, quoting Hagood at ¶ 13.
 {¶ 11} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt [(1996), 75 Ohio St.3d 280, 296,] the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party *Page 5 
has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Misteff v.Wheeler (1988), 38 Ohio St.3d 112. * * *" Welch v. Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, at ¶ 40. (Parallel citation omitted.)
 {¶ 12} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, * * * is too broad and fails to account for the burden Civ.R. 56 places upon a moving party. The court, therefore, limited paragraph three of the syllabus in Wing to bring it into conformity withMisteff. (Emphasis added.)" Id. at ¶ 41. (Parallel citation omitted.)
 {¶ 13} The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' Id. at 276. (Emphasis added.)" Id. at ¶ 42.
 {¶ 14} This court stated in Ridgway v. Grange Mut. Cask. Co. (Apr. 19, 2002), 11th Dist. No. 2001-P-0067, 2002 Ohio App. LEXIS 1919, at 3:
 {¶ 15} "[t]he construction of an insurance contract is a matter of law. Nationwide Mut. Ins. Co. v. Eckmeyer, 145 Ohio App.3d 753 * * *. In construing an insurance *Page 6 
contract, a court should attempt to determine the intention of the parties and, if the language of the policy is unambiguous, it should be enforced as written. Id. However, if a provision is open to more than one interpretation, it should be construed against the insurer and in favor of the insured. Id." (Parallel citation omitted.)
 {¶ 16} Appellant's policy provides:
 {¶ 17} "UNDERINSURED MOTORISTS COVERAGE — OHIO
 {¶ 18} "INSURING AGREEMENT
 {¶ 19} "A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury:
 {¶ 20} "1. Sustained by an insured; and
 {¶ 21} "2. Caused by an accident.
 {¶ 22} "* * *
 {¶ 23} "B. `Insured' as used under this coverage means:
 {¶ 24} "1. You or any family member.
 {¶ 25} "2. Any other person occupying your covered auto.
 {¶ 26} "3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above."
 {¶ 27} Appellant's policy defines "bodily injury" and "family member" as follows:
 {¶ 28} "DEFINITIONS
 {¶ 29} "* * *
 {¶ 30} "D. `Bodily injury' means bodily harm, sickness or disease, including death that results. *Page 7 
 {¶ 31} * * *
 {¶ 32} "F. `Family member' means a person related to you by blood, marriage or adoption who is a resident of your household. * * *"
 {¶ 33} Appellant's UIM coverage also contains the following exclusions:
 {¶ 34} "EXCLUSIONS
 {¶ 35} "A. We do not provide Underinsured Motorists Coverage for bodily injury sustained:
 {¶ 36} "1. By an insured while occupying, or when struck by, any motor vehicle owned by that insured which is not insured for this coverage under this policy. * * *
 {¶ 37} "* * *
 {¶ 38} "B. We do not provide Underinsured Motorists Coverage for bodily injury sustained by any insured:
 {¶ 39} "* * *
 {¶ 40} "3. While occupying or operating an owned motorcycle or moped."
 {¶ 41} In the case at bar, Bobby was a "family member" and sustained "bodily injury" as defined by appellant's policy. The parties agree that appellant's policy does not provide coverage for the injuries that Bobby, himself, suffered. Rather, the issue is whether appellant's policy provides coverage for the wrongful death claims of Bobby's parents, the Oakmans.
 {¶ 42} Appellant alleges that the only class of insureds entitled to UIM coverage under its policy are those defined in paragraph B.3., under the "Insuring Agreement." However, appellant's contention ignores the plain language of its policy. Paragraph B.1. defines "insured" as "you." Under the "Definitions" portion of appellant's policy, "you" is *Page 8 
defined as "the `named insured' shown in the Declarations[.]" The named insured shown in the Declarations is "Robert Oakman [and] Toni Oakman." Thus, the Oakmans are insured according to paragraph B.1.
 {¶ 43} Also, appellant argues that such a construction, regarding the fact that the Oakmans are insureds by virtue of B.1., would render the B.3 definition superfluous. We agree with appellee, however, that Paragraph B.3. includes within its scope derivative claimants that are not named insureds, family members or persons occupying covered autos.
 {¶ 44} The policy at issue allows the Oakmans to recover for loss of consortium for their son, Bobby, an insured, who suffered bodily injuries as a result of an accident. See Jones v. Progressive PreferredIns. Co., 169 Ohio App.3d 291, 2006-Ohio-5420, at ¶ 14. The "Exclusions" set forth in appellant's policy do not apply to the Oakmans. R.C.3937.18(I)(1) permits an insurer to restrict UIM coverage by including terms that exclude coverage for losses sustained while the insured is occupying an "other owned auto." However, although the "other owned auto" exclusion precludes coverage for the estate of a decedent, it does not preclude coverage for the claims of the decedent's wrongful death beneficiaries. See Aldrich v. Pacific Indemn. Co., 7th Dist. No. 02 CO 54, 2004-Ohio-1546, at ¶ 43.
 {¶ 45} The Oakmans were entitled to UIM coverage under both appellant's and appellee's policies. Again, appellee paid the claims, but appellant did not. The trial court properly granted appellee's motion for summary judgment, and denied appellant's motion for summary judgment, ordering that appellant bear the pro rata share, $25,000, *Page 9 
for the loss.
 {¶ 46} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.
[1] On February 23, 2007, appellee filed a motion for prejudgment and postjudgment interest. On March 1, 2007, appellant filed a memorandum in opposition to appellee's motion. The trial court granted appellee's motion for prejudgment and postjudgment interest on May 2, 2007. Pursuant to our October 5, 2007 judgment entry, this court indicated that the trial court's May 2, 2007 judgment modified its February 12, 2007 judgment by ordering the following: "`Judgment is rendered in favor of [appellee] and against [appellant] on its breach of contract claim in the amount of * * * $25,000.00 * * * plus accrued interest in the amount of * * * $1,370.00 * * * through February 12, 2007, with interest thereafter at the rate of 8% per annum, plus court costs. * * *'" This court stated that because the February 12, 2007 appealed judgment was modified by this new judgment, the May 2, 2007 judgment appears to be the final appealable order in this matter. Therefore, we indicated that appellant's notice of appeal, filed March 8, 2007, would be considered a premature appeal pursuant to App.R. 4(C) as of May 2, 2007. This court further sua sponte supplemented the May 2, 2007 judgment into the record of this appeal.