{¶ 38} I respectfully dissent from the majority opinion. *Page 10 
 {¶ 39} I agree with the majority's analysis that the decedent was not operating an automobile at the time of the accident, and therefore was not operating a covered vehicle at the time of the accident. As stated above, Appellee asserts that even if we found that the decedent was not operating a covered vehicle at the time of his accident, we must still find UM/UIM coverage for the Appellee based on the ambiguity created by the language of the UM/UIM portion of the policy granting coverage and the "other owned auto" exclusion.
 {¶ 40} The UM/UIM language in the coverage portion of the policy states:
 {¶ 41} "INSURING AGREEMENT
 {¶ 42} "A. We will pay compensatory damages which an `insured' is legally entitled to recover from the owner or operator of:
 {¶ 43} "1. An `uninsured motor vehicle' as defined in Sections 1., 2., and 4. of the definition of an `uninsured motor vehicle' because of `bodily injury':
 {¶ 44} "a. Sustained by an `insured'; and
 {¶ 45} "b. Caused by an accident."
 {¶ 46} The policy also contains an "other owned auto" exclusion that states:
 {¶ 47} "EXCLUSIONS
 {¶ 48} "A. We do not provide Uninsured Motorists Coverage for `bodily injury' sustained:
 {¶ 49} "1. By an `insured' while `occupying', or when struck by, any motor vehicle owned by that `insured' which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle."
 {¶ 50} In wrongful death claims, I agree with the other appellate districts that have consistently held that the language "because of bodily injury" listed in the coverage *Page 11 
portion of the UM/UIM policy and "for bodily injury" used in the "other owned auto" exclusion creates an ambiguity. Brunn v. Motorists MutualIns. Co., 5th Dist. No. 2005CA0022, 2006-Ohio-33;Hall v. Nationwide Mutual Fire Ins., 10th Dist. No. 05AP-305, 2005-Ohio-4572; Leonhard v. Motorists Mutual Ins. Co. (March 3, 1994), 10th Dist. No. 93AP-449; Newsome v. GrangeMutual Cas. Co. (Feb. 23, 1993), 10th Dist. 92AP-1172;Adams v. Crider, 3rd Dist. No. 10-02-18, 2004-Ohio-535.
 {¶ 51} The 10th District explained the confusion: "According to appellant, the clear and unambiguous meaning of `for bodily injury' is the same as `because of bodily injury.' We do not agree that this is a clear and unambiguous matter. In all situations, the modifying language `for' and `because of' cannot be interchanged without altering the meaning of the concomitant language. In its own policy, appellant has not been consistent with its choice of language. In the uninsured motorist coverage section, it used language `because of bodily injury' while in the exclusion portion of the policy, it used `for bodily injury.'" Newsome, supra at *3.
 {¶ 52} The policy sub judice defines "bodily injury" as, "bodily harm, sickness or disease, including death that results." InLeonhard, supra, the 10th District found that the "policy stated UM/UIM coverage was excluded `for bodily injury sustained by any person: * * * while occupying or when struck by any motor vehicle owned by [the insured] or any family member which is not insured with this coverage under this policy.' Id. Bodily injury was defined under the policy to include death resulting from bodily harm. We held that the exclusion was `inapplicable to the wrongful death claims brought by appellants, as these are sought, not for bodily injury, but because of it.' Id. We further held that `the exclusion language `for bodily injury' cannot be read as *Page 12 
`because of bodily injury,' ` and therefore, claims for wrongful death do not fall under the exclusion. Id."
 {¶ 53} I find the relevant policy language in the present case to be identical to the language reviewed in the cases above. Accordingly, construing this ambiguity strictly against the Appellant, wrongful death claims are not excluded from coverage by the "other owned auto" exclusion. I further find that a review of the above case law also shows that the wrongful death claims are made by another insured under the decedent's policy. I would find that under the Appellant's policy terms of who is an insured, the next-of-kin of the decedent are also considered insureds under the policy under B.3, which states, "3. Any person for damages that person is entitled to recover because of `bodily injury' to which this coverage applies sustained by a person described in B.1. or 2. above."
 {¶ 54} I would also find the above analysis to be applicable to Appellant's final argument that the decedent is also excluded from coverage under the "permissive use" exclusion which states:
 {¶ 55} "C. We do not provide Uninsured Motorist Coverage for `bodily injury' sustained by an insured:
 {¶ 56} "* * *
 {¶ 57} "3. Using a vehicle without reasonable belief that the insured is entitled to do so. This exclusion does not apply to a `family member' using `your covered auto' which is owned by you."
 {¶ 58} Accordingly, I would find the trial court did not err in granting summary judgment in favor of Appellee and denying Appellant's motion for summary judgment. I would affirm the trial court's decision. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is reversed. *Page 1