JOHNSON et al., Appellants,

v.

AMERICAN FAMILY INSURANCE, Appellee.

[Cite as *Johnson v. Am. Family Ins.,* 160 Ohio App.3d 392, 2005-Ohio-1776.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–04–1238.

Decided April 15, 2005.

Daryl K. Rubin, for appellants.

Peter C. Munger, Keith J. Watkins, and Amy L. Butler, for appellee.

---

Skow, Judge.

{¶ 1} This accelerated appeal comes to us from a summary judgment issued by the Lucas County Court of Common Pleas in a case involving a claim for underinsured motorist ("UIM") coverage for the death of appellant's sister. Because we conclude that appellee was entitled to summary judgment, we affirm.

{¶ 2} Appellant, Diane Malhas, brought a declaratory judgment action against appellee, American Family Insurance ("AFI") to determine whether she had coverage under her UIM policy for claims deriving from the death of her sister, Denise Salmanpoor. The death resulted from a motor vehicle accident caused by another person.[1] The tortfeasor's insurance company paid the policy limit of $100,000 to Salmanpoor's eight beneficiaries, including appellant, who received approximately $8,000. Appellant then sought additional compensation through her own UIM automobile policy issued by AFI. Appellant and appellee filed cross-motions for summary judgment. AFI sought summary judgment as to appellant on these bases: (1) UIM coverage was limited to claims suffered by "insured" persons who had suffered bodily injury or death and Salmanpoor was not an "insured" under the policy and (2) appellant had filed her claim beyond the policy's required two-year limitation period. Appellant claimed that she was entitled to coverage based upon the holding in *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555.

{¶ 3} The trial court ultimately denied appellant's summary-judgment motion but granted summary judgment to AFI, determining that although AFI had not definitively established that Salmanpoor was not a relative under the policy, appellant's claim was time barred according to the policy language.

{¶ 4} Malhas now appeals from that judgment, setting forth the following three assignments of error:

{¶ 5} "A. The trial court erred when it failed to find that the plaintiff is entitled to coverage for the death of Denise Salmanpoor, under her underinsurance policy, pursuant to the Ohio Supreme Court's holding in *Sexton.*

{¶ 6} "B. The trial court erred when it failed to determine that the plaintiff was entitled to recover underinsured motorist benefits up to the limits of her policy.

---

1. The decedent's mother, also a plaintiff in the suit, is not a party to this appeal.

{¶ 7} "C. The trial court erred when it held plaintiff Malhas's claim was barred by a two-year statute of limitations."

{¶ 8} In her first assignment of error, appellant essentially argues that the trial court erred in denying her summary-judgment motion by failing to find that she had coverage for her UIM claims pursuant to R.C. 3937.18 and the holding of *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555.

{¶ 9} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment will be granted if "the pleadings, depositions, *answers to interrogatories,* written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude "that the moving party is entitled to judgment as a matter of law." (Emphasis added.) Civ.R. 56(C).

{¶ 10} A motion for summary judgment first compels the moving party to inform the court of the basis of the motion and to identify portions in the record that demonstrate the absence of a genuine issue of material fact. If the moving party satisfies that burden, the nonmoving party must then produce evidence as to any issue for which that party bears the burden of production at trial. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264, limiting *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. An appellate court reviews summary judgments de novo—that is, independently and without deference to the trial court's determination. *Brewer v. Cleveland City Schools Bd. of Edn.* (1997), 122 Ohio App.3d 378, 383, 701 N.E.2d 1023; *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153.

{¶ 11} We must first determine who was an "insured" under Malhas's insurance policy. The UIM policy endorsement provides that an "insured person" is:

{¶ 12} "a. **You** or a **relative**.

{¶ 13} "b. Anyone else **occupying your insured car**.

{¶ 14} "c. Anyone, other than a person or organization claiming any right of assignment or subrogation, entitled to recover damages due to **bodily injury** to **you**, a **relative** or another occupant of **your insured car**."

{¶ 15} The AFI general policy defines "you and your" to mean the policyholder named in the declarations and spouse, if living in the same household. "Relative"

is defined as "a person living in **your** household, related to you by blood, marriage or adoption." (Boldface sic.)

{¶ 16} On the AFI declarations page, Malhas is the only person listed as the "policy holder/named insured." In an answer to an interrogatory, she acknowledged that, at the time of the accident, the members of her household were herself and her daughter. Therefore, since Salmanpoor was not listed as a named insured on the declarations page, was not a "relative," and did not otherwise qualify, she is not a an "insured" under the policy. Therefore, any UIM claim may be asserted only by Malhas herself as an "insured person" and not as a "conduit" claim through Salmanpoor, who was *not* an "insured person." We will now determine whether Malhas herself was entitled to UIM coverage for any claims under the AFI policy.

{¶ 17} Prior to September 2000, the Supreme Court of Ohio had found that various former versions of R.C. 3937.18(A) did not permit an insurer to limit its UIM coverage to claims for "bodily injuries" to an insured. *Sexton,* supra, at 435–436, 23 O.O.3d 385, 433 N.E.2d 555. The court stated that the attempt to limit the UIM coverage was contrary to the purpose of the statute and an attempt to "thwart the legislative intent." Id. In February 2000, after several revisions, the Supreme Court still found R.C. 3937.18(A) to be ambiguous as to the legislative intent and declined to enforce an insurer's limitations on uninsured and UIM coverage. *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 32–33, 723 N.E.2d 97.

{¶ 18} At the time that appellant's insurance policy was issued, March 1, 2001, the again amended version of R.C. 3937.18(A)(2) provided the following regarding UIM coverage:

{¶ 19} "(2) Underinsured motorist coverage * * * shall provide protection for insureds thereunder for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy."

{¶ 20} The legislative comment following the text of the statute states:

{¶ 21} "It is the intent of the General Assembly in amending division (A) of section 3937.18 of the Revised Code to supersede the holdings of the Ohio Supreme Court in *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431 [23 O.O.3d 385, 433 N.E.2d 555], and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27 [723 N.E.2d 97], that division A(1) of section 3937.18 of the Revised Code does not permit an insurer to limit uninsured or underinsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, death or disease for any other insured to recover from the insurer."

{¶ 22} In other words, although referring only to amended R.C. 3937.18(A)(1) (uninsured motorist coverage), the legislature specifically declared its intent in

the comment to also permit insurance companies to limit coverage for UIM claims to only insureds who suffered bodily injury, death, or disease. Therefore, the *Sexton* and *Moore* cases became inapplicable to automatically negate policy language that limited UIM coverage to only those claims that were for bodily injuries to an insured. Consequently, since the AFI policy in this case was issued pursuant to this later, amended version of R.C. 3937.18(A) and has limiting UIM language, the real issue is whether that language is unambiguous and effectively limited the UIM coverage.

{¶ 23} The interpretation of an insurance contract is a matter of law that, on appeal, is reviewed de novo. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684. An insurance-policy provision is ambiguous when it is reasonably susceptible of more than one interpretation. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus. Where the policy language is clear and unambiguous, its terms must be applied without engaging in any construction. See *Santana v. Auto Owners Ins. Co.* (1993), 91 Ohio App.3d 490, 494, 632 N.E.2d 1308.

{¶ 24} In general, the words "bodily injury" are " 'commonly and ordinarily used to designate an injury caused by external violence.' " *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 14, 540 N.E.2d 716, overruled on other grounds, *Schaefer v. Allstate Ins. Co.* (1996), 76 Ohio St.3d 553, 668 N.E.2d 913, quoting *Burns v. Employers' Liab. Assur. Corp. Ltd.* (1938), 134 Ohio St. 222, 233, 12 O.O. 18, 16 N.E.2d 316.

{¶ 25} Following this definition, emotional injuries have been held not to be covered as "bodily injury" under liability-insurance policies. See *Hawthorne v. Estate of Migoni*, 5th Dist. No. 2003 AP 07 0054, 2004-Ohio-378, 2004 WL 177439; *Bentley v. Progressive Ins. Co.*, 4th Dist. No. 02CA10, 2002-Ohio-6532, 2002 WL 31681997 (husband not entitled to uninsured motorist coverage after observing his common-law wife die in a motorcycle accident); *Bernard v. Cordle* (1996), 116 Ohio App.3d 116, 687 N.E.2d 3, (husband's emotional distress in witnessing wife's motor vehicle accident was not covered as "bodily injury" under a liability-insurance policy). Policy language may not be construed to include different coverage, i.e., damages for emotional distress when "bodily injury" is required, when the plain and ordinary terms used indicate otherwise. See *Ambrose v. State Farm & Cas. Co.* (1990), 70 Ohio App.3d 797, 800, 592 N.E.2d 868.

{¶ 26} The AFI general-liability policy defines "bodily injury" as "bodily injury to or sickness, disease or death of any person." The UIM endorsement states that AFI "will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an

**underinsured motor vehicle.** The **bodily injury** must be sustained by an **insured person** and must be caused by accident and arise out of the use of the **underinsured motor vehicle.**" Malhas claims that she is entitled to coverage because these two provisions create an ambiguity that prohibits AFI from limiting UIM coverage to claims for bodily injury to Malhas, an insured. We disagree.

{¶ 27} Although it includes "any person," the AFI general definition is limited within the general-liability policy to apply to claims by persons who qualify in some manner as insureds. The UIM endorsement merely narrows the UIM coverage to include only those claims that are for "bodily injuries" to "insured persons." Since the contract provisions of the AFI general-liability policy must be read and interpreted together with any endorsements, the policy is *reasonably* susceptible of only one interpretation—that UIM claims must be for bodily injuries to an insured person. In our view, there is no conflict between the general definition of "bodily injury" and the UIM endorsement language, and no ambiguity exists in the overall policy.

{¶ 28} As the AFI policy clearly states, to be covered under the UIM endorsement, Malhas herself, the insured, must have sustained "bodily injury" caused by an accident and the use of an underinsured motor vehicle. Although she certainly sustained emotional injury, Malhas was not involved in and did not receive bodily injuries from the accident that caused the death of her sister. Consequently, Malhas's UIM claims were effectively excluded from coverage by the policy language.

{¶ 29} Therefore, we conclude that no material facts are in dispute as to coverage under the AFI policy and that AFI is entitled to judgment as a matter of law. Although the trial court's decision was based upon a different issue, we conclude that summary judgment was still proper. An appellate court shall affirm a trial court's judgment that is legally correct on other grounds—that is, it achieves the right result for the wrong reason, because such an error is not prejudicial. *Reynolds v. Budzik* (1999), 134 Ohio App.3d 844, 846, fn. 3, 732 N.E.2d 485.

{¶ 30} Accordingly, appellant's first assignment of error is not well taken. The remaining two assignments of error are rendered moot.

{¶ 31} The judgment of the Lucas County Court of Common Pleas is affirmed.

Judgment affirmed.

PIETRYKOWSKI and PARISH, JJ., concur.