OPINION
{¶ 1} Plaintiff-appellant, Bart Willett ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas denying his motion for summary judgment and granting summary judgment in favor of defendant-appellee, GEICO General Insurance Company ("appellee").
 {¶ 2} The underlying facts in this litigation are not in dispute. On August 13, 2003, Steven Willet, appellant's son, was a passenger in a vehicle operated by Jonathan Buckler. While traveling on a rural highway, it is believed that Mr. Buckler, an uninsured, caused the motor vehicle to leave the highway, overturn, and come to a stop in an adjacent field. Mr. Buckler survived the accident, but Steven Willet did not. At the time of this single-car accident, appellant was insured by appellee with an automobile liability policy, which afforded uninsured motorist ("UM") coverage in the amount of $100,000 per person/$300,000 per occurrence.
 {¶ 3} On December 1, 2004, appellant made an UM claim on the GEICO policy. Appellee denied coverage for such UM claim, and as a result, appellant filed a declaratory judgment action on January 3, 2005, seeking a determination that appellee's policy provided UM coverage to him in the amount of $100,000. The parties filed cross-motions for summary judgment, and on November 17, 2005, the trial court granted appellee's motion for summary judgment, and denied appellant's motion for summary judgment. This appeal timely followed.
 {¶ 4} On appeal, appellant brings a single assignment of error for our review:
The trial court erred in its decision of November 17, 2005, in which it held that Plaintiff had no uninsured motorist coverage under the insurance policy issued by GEICO General Insurance Company.
 {¶ 5} Appellate review of summary judgments is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8. As such, we stand in the shoes of the trial court and conduct an independent review of the record. Summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc.v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,65-66.
 {¶ 6} When reviewing the construction of a written contract, our primary role is to ascertain and give effect to the intent of the parties. Saunders v. Mortensen, 101 Ohio St.3d 86,2004-Ohio-24, citing Hamilton Ins. Services, Inc. v. NationwideIns. Co. (1999), 86 Ohio St.3d 270. "`[W]hen the terms of the contract are unambiguous and clear on their face, the court does not need to go beyond the plain language of the contract to determine the rights and obligations of the parties and the court must give effect to the contract's express terms.'" Little EagleProperties v. Ryan, Franklin App. No. 03AP-923, 2004-Ohio-3830, at ¶ 13, quoting EFA Assoc., Inc. v. Dept. of Adm. Serv.,
Franklin App. No. 01AP-1001, 2002-Ohio-2421. However, when the contract is ambiguous on its face, "`policies of insurance, which are in language selected by the insurer and which are reasonably open to different interpretations, will be construed most favorably for the insured.'" Erie Ins. Exch. v. Colony Dev.Corp., Franklin App. No. 02AP-1087, 2003-Ohio-7232, at ¶ 37, quoting Butche v. Ohio Casualty Ins. Co. (1962),174 Ohio St. 144, paragraph three of the syllabus.
 {¶ 7} Since the underlying facts of this case are not in dispute, there is no genuine issue of material fact for this court to consider. Rather, this case turns on the interpretation of the UM coverage section of appellee's policy. It is undisputed that the decedent, Steven Willet, is neither a named insured under the policy, nor is he a resident relative of a named insured. It is further undisputed that appellant is a named insured under the policy, and was so at the time of the accident.
 {¶ 8} Recently, the Supreme Court of Ohio held that Moore v.State Auto Mut. Ins. Co. (2000), 88 Ohio St.3d 27, does not apply to the version of R.C. 3937.18(A) as amended by 1997 H.B. 261.[1] Hedges v. Nationwide, 109 Ohio St.3d 70,2006-Ohio-1926, syllabus. The court's decision in Hedges did not overrule Moore, but rather limited Moore to insurance contracts governed by the S.B. 20 version of R.C. 3937.18. Pursuant to the Hedges decision, it is clear that under Ohio law, specifically the 1997 H.B. 261 version of R.C. 3937.18(A), insurers are allowed to restrict UM/UIM coverage to accidents in which an insured suffers bodily injury, sickness, or disease. Thus, the issue before us in the instant case is whether appellee's policy does so limit its UM coverage. Appellee argues that it does, while appellant contends that it does not.
 {¶ 9} The applicable portion of appellee's policy pertaining to UM coverage states, in part, as follows:
LOSSES WE WILL PAY
Under the Uninsured and Underinsured Motorists Coverage, we will pay damages for bodily injury caused by accident which theinsured is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle orhit-and-run motor vehicle arising out of the ownership, maintenance or use of that auto.
(Policy at 10, emphasis sic.)
 {¶ 10} We agree with appellant's contention that with respect to this portion of the policy, Smith v. State Farm Mut. Auto.Ins. Co. (June 30, 1992), Franklin App. No. 91AP-1467, is controlling. In Smith, the automobile liability insurance policy provided, in part:
We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsuredmotor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsuredmotor vehicle.
Id. (Emphasis sic.)
 {¶ 11} This court held in Smith that the policy did not require the bodily injury be sustained by an insured, but to the contrary, that the bodily injury could be sustained by any person, so long as it arises out of the operation, maintenance or use of an uninsured motor vehicle. Like in Smith, the above-quoted portion of appellee's policy does not state that the insured must be the one who suffered the bodily injury. Rather, the policy only requires the insured to be legally entitled to collect damages (including mental suffering) for what could be someone else's bodily injury. See, also, Brunn v. Motorists Mut.Ins. Co., Richland App. No. 2005 CA 0022, 2006-Ohio-33; Aldrichv. Pacific Indemn. Co., Columbiana App. No. 02 CO 54,2004-Ohio-1546.
 {¶ 12} Unlike the policy in Johnson v. American FamilyIns., 160 Ohio App.3d 392, 2005-Ohio-1776, to which appellee directs our attention, appellee's policy does not restrict UM/UIM claims to bodily injuries of insured persons. In Johnson, the automobile liability insurance policy provided that the insurer would:
* * * pay compensatory damages for bodily injury which aninsured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle. The bodily injury must be sustained by an insured person and must be caused by accident and arise out of the use of the underinsured motorvehicle.
Id. at 397-398.
 {¶ 13} Comparing the two policies, it is evident that the policy in Johnson contains an unambiguous and clear limitation that bodily injury be sustained by the insured for UM coverage to arise. As explained above, appellee's policy does not contain such a clear and unambiguous limitation.
 {¶ 14} Therefore, we next turn our attention to the exclusion in appellee's policy. The Automobile Policy Amendment provides, in part:
The following exclusion is added:
8. We do not cover any person suffering bodily injury, who is not an insured under the policy.
(Automobile Policy Amendment, at 1; emphasis sic.)
 {¶ 15} Even though appellee contends that this clearly and succinctly limits coverage to persons who have suffered bodily injury and were an insured under the insuring agreement, we find that it does not. The exclusion states that it will not cover a person suffering bodily injury, who is not an insured, e.g., in our case this would exclude coverage for Steven Willet. As appellant points out, Steven, the decedent, is not making a claim under the policy, only appellant, who is an insured under the policy is making a claim. Therefore, appellant is correct that the exclusion is not applicable in this circumstance.
 {¶ 16} We understand the frustration that has resulted from the changing landscape of UM/UIM coverage in Ohio that has occurred in recent years. However, we do not find that providing coverage in this instance is moving backwards, not forwards, as appellee would suggest. While we appreciate the legislature's amendments to R.C. 3937.18, and the Supreme Court of Ohio's decision in Hedges, we are nonetheless compelled to find that although appellee's intent may have been to require its insured to personally sustain bodily injury in order to recover UM benefits, given existing precedent, the policy language at issue before us did not accomplish such.
 {¶ 17} Accordingly, we sustain appellant's single assignment of error, and reverse the judgment of the Franklin County Court of Common Pleas. Further, we remand this matter to that court for further proceedings in accordance with this opinion and the law.
Judgment reversed and caused remanded.
Bryant and French, JJ., concur.
[1] Sexton v. State Farm Mut. Auto Ins. Co. (1982),69 Ohio St.2d 431, preceded Moore, and was the first case to interpret the version of R.C. 3937.18 that was in effect prior to the S.B. 20 amendments to the statute. Sexton held that the insurer's policy exclusion limiting UM/UIM coverage to insureds sustaining bodily injury was void under R.C. 3937.18. Moore held that R.C.3937.18(A)(1), as amended by Am.Sub.S.B. No. 20, does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer.