{¶ 47} Although I concur in the majority's decision to affirm the grant of summary judgment in favor of American Modern Home Insurance Company, I write separately to explain the basis for my concurrence.
 {¶ 48} The narrow issue before this court is whether Robert Oakman's parents are entitled to recover for loss of consortium under the uninsured/underinsured motorist provisions of their policy with Safeco Insurance Company. Robert Oakman was not entitled to uninsured/underinsured motorist coverage because the policy excluded coverage "for bodily injury sustained by an insured * * * while occupying * * * an owned motorcycle * * *."
 {¶ 49} A majority of appellate districts have held that consortium claims are not barred where, as here, the uninsured/underinsured motorist policy covers "damages which an insured is legally entitled to recover * * * because of bodily injury * * *." The cases point out that uninsured/underinsured motorist coverage is for damages, not limited to bodily injury, while the exclusion only applies to bodily injury.Brunn v. *Page 10 Motorists Mut. Ins. Co., 5th Dist. No. 2005 CA 0022, 2006-Ohio-33, at ¶ 30 ("[t]he [motorcycle] exclusion does not specifically exclude coverage for uninjured insured persons, such as appellant, who may have claims for compensatory damages [loss of consortium] incurred `because of bodily injury to an insured [since] [appellant's claim is not for `bodily injury'") (citations omitted); accord Willet v. GEICO Gen. Ins.Co., 10th Dist. No. 05AP-1264, 2006-Ohio-3957, at ¶ 11 (citations omitted).
 {¶ 50} The Eighth District reached a contrary result when faced with this issue in Fruit v. State Farm Mut. Auto. Ins. Co., 8th Dist. No. 87294, 2006-Ohio-4121. The Eighth District reasoned "that a claim for loss of consortium is a derivative action that is dependent on the existence of a primary cause of action and can be maintained only so long as the primary action continues." Id. at ¶ 43.
 {¶ 51} The differing results are explainable because the Eighth District is treating the consortium claim as a distinct cause of action in which liability derives from an underlying tort (negligence) claim. In this case, as in Brunn, the basis for Oakman's parents' recovery for loss of consortium derives from their rights as insureds under the contract with Safeco. In this sense, their right to recover exists independently of Robert Oakman's right to recover.[2]
[2] We further note that, even under the Eighth District's analysis, Robert Oakman's right to recover from the tortfeasor is unaffected by the motorcycle exclusion of the Safeco policy, which merely extinguishes his right to recover under the contract. Since the exclusion does not extinguish the tortfeasor's liability to Robert Oakman, the derivative liability claimed by the parents is also unaffected. *Page 1